Smith, P. J.
The action is brought to recover damages, for injuries sustained by the plaintiff, alleged to have been caused by the negligence of one of the car drivers upon defendant’s street railroad in the city of Rochester.
_ On the occasion in question the plaintiff was on the sidewalk on the north side of East Main street, near Exchange street, intending to take one of the defendant’s cars going east. The testimony tended to show that while the car was on the sidewalk she hailed the car, the driver looked at or towards her, and the car stopped in front of the Arcade building, the rear- door having been thrown open for passengers to enter. The plaintiff stepped from the sidewalk along the Arcade crossing, and -was in the act of entering the car, when it started forward, and she was thrown violently backward and off the platform and injured while clinging to the railing of the car. She was able, however, to recover her position and enter the car after it had gone fifty or sixty feet, and to ride to her place of destination.
The driver, who was called as a witness by the defendant, testified that he did not see the plaintiff till she entered the car; that he neither saw nor heard any signal or call from her; that he stopped at the Arcade crossing because it was an accustomed place of stopping; and that when he stopped he threw the door open and looked around on both sides of the car, and through the windows and car, saw no one, and then pulled the door to, let off the brake and started. The testimony would have warranted the jury in finding that although the plaintiff had reason to suppose that the driver saw or heard her or her signal, and stopped in consequence thereof to let her get into the car, he did not in fact see her, or know of her attempt to enter the car till she actually went in.
The defendant’s counsel asked the court to charge the jury that if the driver was properly engaged in attending one of the several duties, of looking to his horse, working the door, or looking out, for instance to the north, at the moment when the plaintiff came to the car, and he thereby failed to see her, he cannot be said to be negligent because so engaged, and the company would not be liable. The request was declined and the defendant’s counsel excepted-
We think the defendant was entitled to the charge requested. The only negligence imputed to the defendant was the act of the driver in starting the car while the plaintiff was engaged in stepping on to the platform, and before she had time to enter the car. If he did not see her, as he testified, and as the jury might have found, the question arose whether his failure to see her was owing to any lack of due vigilance and care on his part. Upon. *105 that vital point the request had a direct and important bearing. The entire occurrence took place in a very short space of time. • The driver testified that he thought he was standing there perhaps half a minute, perhaps not as long as that.” If, while he was engaged, as he testified, in looking through the car and around it on both sides, he was looking in an opposite direction from the plaintiff when she approached, so that he did not see her, and in the language of the request he was “properly” doing so, his omission to discover the plaintiff was not the result of negligence on his part. He was in the line of his duty in that event, and the plaintiff’s injury was the result of an accident for which the defendant is not responsible.
It camiot be held that the defendant is liable simply because the car was standing with the door open inviting passengers to enter. As the court charged, the extent of its obligation was to exercise “the utmost care which a prudent man is accustomed to exercise under like circumstances.” It was not contended that the defendant was required to have a conductor or other servant on the car in addition to the driver, and the case was not submitted to the jury upon that theory. As has been said, the only imputation of negligence was that the driver failed to see the plaintiff, or, seeing her, failed to stop a reasonable time.
Etherington v. Prospect Park, etc., R. R. Co., (88 N. Y., 641) was an action against a street railroad company for negligently running over a child with one of its cars. The trial judge charged that “if the driver was paying attention to his horses, and had control of them and his car, and was looking out and attending to his business, and did not see the child in time to stop the car before running over it, then he was not guilty of negligence and the company is not liable. ” The court of appeals held that that charge having been made at the request of the defendant, cured an error complained of by the defendant in another part of the charge, and as they regarded it applicable to the facts of the case, they impliedly sanctioned it as correct.
The other exceptions in the case do not seem to us to point to error. For the reason above stated, the judgment should be reversed, and a new trial ordered, costs to abide the event.
Bradley, J., concurs; Parker, J., dissents; Haight, J., not voting.
So ordered.